IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tiffany Stewart, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| T-Mobile USA, Inc., | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | : |

For this Complaint, the Plaintiff, Tiffany Stewart, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tiffany Stewart ("Plaintiff"), is an adult individual residing in Murrells Inlet, South Carolina, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant T-Mobile USA, Inc. ("T-Mobile"), is a Washington business entity with an address of 12920 Southeast 38th Street, Bellevue, Washington 98006, and is a "person" as defined by 47 U.S.C.A. § 153(39).

**FACTS**

6. Within the last year, Defendants called Plaintiff numerous times on her cellular phone.

7. At all times mentioned herein, Defendants contacted Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When she answered the ATDS calls from Defendant, Plaintiff heard a pre-recorded message that stated, "Brian Stewart, you have a past due bill in the amount of $109.00, press one (1) to speak with a live representative…"

9. Upon information and belief, Plaintiff never provided her consent to Defendant to be contacted on her cellular phone by means of an automated system.

10. On at least one occasion, Plaintiff followed Defendant's prompt to be connected to a live representative.

11. During this conversation, Plaintiff requested Defendant cease calling her cellular phone.

12. Nonetheless, Defendant continued to place additional ATDS calls to Plaintiff.

13. If at one time Defendant had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227, et seq.**

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Plaintiff either never provided express consent to Defendant to call her cellular telephone number, or Plaintiff revoked her consent to be contacted by Defendant on her cellular telephone by her repeated demands to cease calling her cellular telephone.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

19. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 29, 2014

Respectfully submitted,

By _____

Brian J. Headley, Attorney at Law
District of South Carolina Bar ID No. 11427
1156 Bowman Rd., Suite 200
Mount Pleasant, SC 29464
Telephone: (843) 375-6181
Facsimile: (843) 375-6185
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
Sergei Lemberg
LEMBERG LAW, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237

4