**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Tiffany Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:14-cv-02086-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T-Mobile USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon consideration of the propriety of lifting the stay imposed by the Court's October 8, 2014 Order (ECF No. 18) ("Prior Order"). For the reasons set forth below, the Court hereby lifts the stay.

## BACKGROUND

On May 29, 2014, Plaintiff Tiffany Stewart ("Plaintiff") filed a one-count Complaint against Defendant T-Mobile USA, Inc. ("T-Mobile"), asserting violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  In her Complaint, Plaintiff alleges that T-Mobile called her cellular telephone on numerous occasions using an automatic telephone dialing system, an artificial or prerecorded voice, or both. Plaintiff claims that when she answered the calls, she heard a prerecorded message that stated: "Brian Stewart, you have a past due bill in the amount of $109.00, press one (1) to speak with a live representative . . . ." (Pl.'s Compl. 2, ¶ 8). Plaintiff asserts that she never provided T-Mobile her express consent to be contacted by an automated system or, in the alternative, that she revoked any such consent by demanding that T-Mobile cease calling her telephone. However, Plaintiff contends that the calls from T-Mobile nevertheless continued. Accordingly, Plaintiff seeks statutory damages of

$500.00 for each negligent violation of the TCPA, as well as treble damages for every willful or knowing violation.

On July 16, 2014, T-Mobile filed a Motion to Dismiss and a Motion to Stay, both of which were accompanied by supporting memoranda. On October 8, 2014, the Court issued the Prior Order granting T-Mobile's Motion to Stay. Pursuant to the Prior Order, the Court stayed this matter under the doctrine of primary jurisdiction pending the Federal Communications Commission's ("FCC") resolution of certain petitions related to the TCPA. In granting the Motion to Stay, the Court ordered the Parties to provide periodic updates on the status of the proceedings before the FCC. The Court deferred ruling on T-Mobile's Motion to Dismiss[1] pending FCC action and noted that it would set an appropriate schedule for further proceedings upon receipt and review of the requisite filings.

On July 10, 2015, the FCC released a Declaratory Ruling and Order ("FCC Order") addressing a number of requests for rulemaking, a ruling, or clarification regarding the TCPA, including the petitions cited by T-Mobile in its Motion to Stay and relied upon by the Court in its Prior Order. *R*ules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 15-72 (July 10, 2015). Shortly thereafter, on July 23, 2015, T-Mobile filed, as directed, a Status Report informing the Court of the FCC Order and attaching a copy of the same.

## DISCUSSION

Having received and reviewed the relevant filings and the FCC Order, the Court deems it necessary to revisit the stay imposed by the Prior Order. The decision to refer an action to an agency under the primary jurisdiction doctrine is a matter committed to the sound discretion of the trial court. *Envtl. Tech. Council v. Sierra Club*, 98 F.3d 774, 789 & n.24 (4th Cir. 1996).

---

1. The Court subsequently entered a Text Order denying the Motion to Dismiss for administrative reasons but granting T-Mobile leave to re-file after the Court lifted the stay.

Likewise, a trial court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." (citing *Landis*, 299 U.S. at 254)). "Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Marsh*, 263 F. Supp. 2d at 52 (collecting cases). Thus, a court may lift a stay *sua sponte* or upon the motion of a party "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *Id.* (collecting cases).

In light of the FCC Order—and more specifically, the FCC's final action on and resolution of the relevant TCPA petitions—the Court finds that the reasons outlined in the Prior Order for staying this litigation no longer exist. Therefore, the Court hereby lifts the stay. Accordingly, the Court sets the following schedule for further proceedings: Should T-Mobile wish to re-brief and re-file its Motion to Dismiss, it shall have ten (10) days from the date of this Order to do so. Plaintiff will then have ten (10) days to respond thereto. The Parties are hereby notified that the Court intends to decide any such motion on the briefs. In the event that T-Mobile elects not to re-brief and re-file its Motion to Dismiss, the Parties shall immediately confer and submit to the Court within fifteen (15) days of the date of this Order a proposed amended scheduling order for the Court's review and consideration.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that the stay imposed by the Prior Order is hereby **LIFTED.** It is **FURTHER ORDERED** that this matter shall proceed in accordance with the above-referenced schedule.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 31, 2015**
**Charleston, South Carolina**

4