## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Tiffany Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:14-cv-02086-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| T-Mobile USA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motion to Dismiss (ECF No. 24). For the reasons set forth herein, the Court denies T-Mobile's Motion to Dismiss.

## BACKGROUND

On May 29, 2014, Plaintiff Tiffany Stewart ("Plaintiff") filed a one-count Complaint against T-Mobile, asserting violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. In her Complaint, Plaintiff alleges that T-Mobile called her cellular telephone on numerous occasions using an automatic telephone dialing system ("ATDS"), an artificial or prerecorded voice, or both. Plaintiff claims that when she answered the calls, she heard a prerecorded message that stated: "Brian Stewart, you have a past due bill in the amount of $109.00, press one (1) to speak with a live representative . . . ." (Pl.'s Compl. ¶ 8.) Plaintiff asserts that she never provided T-Mobile her express consent to be contacted by an automated system or, in the alternative, that she revoked any such consent by demanding that T-Mobile cease calling her telephone. However, Plaintiff contends that the calls from T-Mobile nevertheless continued. Accordingly, Plaintiff seeks statutory damages of $500.00 for each

negligent violation of the TCPA, as well as treble damages for every willful or knowing violation.

On July 16, 2014, T-Mobile filed a Motion to Dismiss and a Motion to Stay, both of which were accompanied by supporting memoranda. On October 8, 2014, the Court issued an Order staying this matter under the doctrine of primary jurisdiction pending the Federal Communications Commission's ("FCC") resolution of certain petitions related to the TCPA. In granting the Motion to Stay, the Court ordered the Parties to provide periodic updates on the status of the proceedings before the FCC. The Court deferred ruling on T-Mobile's Motion to Dismiss[1] pending FCC action and noted that it would set an appropriate schedule for further proceedings upon receipt and review of the requisite filings.

On July 10, 2015, the FCC released a Declaratory Ruling and Order ("FCC Order") addressing a number of requests for rulemaking, a ruling, or clarification regarding the TCPA, including the petitions cited by T-Mobile in its Motion to Stay and relied upon by the Court in its October 8, 2014 Order. *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 15-72 (July 10, 2015). Shortly thereafter, on July 23, 2015, T-Mobile filed, as directed, a Status Report informing the Court of the FCC Order and attaching a copy of the same.

Upon receipt of the Status Report and review of the FCC Order, the Court deemed it necessary to revisit the stay imposed by on October 8, 2014. Because the FCC Order resolved the relevant TCPA petitions, the Court concluded that staying this litigation was no longer warranted or appropriate. Therefore, on July 31, 2015, the Court issued an Order lifting the stay and outlining the schedule for further proceedings.

---
1. The Court subsequently entered a Text Order denying the Motion to Dismiss for administrative reasons but granting T-Mobile leave to re-file after the Court lifted the stay.

In accordance with the schedule provided by the Court, T-Mobile filed the instant Motion to Dismiss on August 10, 2015, accompanied by a memorandum in support. T-Mobile argues that Plaintiff's one-count Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a plausible claim for relief under the TCPA. Plaintiff filed a Response on August 21, 2015. Accordingly, this matter is now ripe for consideration.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court "articulated a 'two-pronged approach' to assessing the sufficiency of a complaint." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). First, the complaint must "contain factual allegations in addition to legal conclusions." *Id.* Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

3

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the trial judge must accept as true all of the facts alleged in the plaintiff's complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

By way of the instant Motion to Dismiss, T-Mobile seeks to dismiss Plaintiff's Complaint because it does not allege "critical facts required to establish a plausible TCPA violation" but

instead "merely recites the elements of a TCPA cause of action" and "alleges generally that T-Mobile violated the TCPA by doing that which the TCPA prohibits." (Def.'s Mem. in Supp. Mot. to Dismiss 1–2.) More specifically, T-Mobile insists that Plaintiff's Complaint is deficient because "Plaintiff does not identify the phone number T-Mobile allegedly called, the dates and times the calls were allegedly made, any circumstances that would support the inference that the calls were placed with an ATDS, or any other details that would suggest that a violation of the statute has occurred." (*Id.* at 4.) For the reasons detailed below, the Court rejects T-Mobile's arguments and concludes that Plaintiff has, in fact, stated a plausible claim for relief under the TCPA.

"The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013); *see also Mey v. Monitronics Int'l, Inc.*, 959 F. Supp. 2d 927, 930 (N.D.W. Va. 2013) ("The TCPA is a remedial statute and thus entitled to a broad construction."). To this end, "the [TCPA] makes it unlawful to use an [ATDS] or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone . . . for which the receiver is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012); *see* 47 U.S.C. § 227(b)(1)(A). An ATDS means equipment that has the capacity both to store telephone numbers and to dial such numbers. 47 U.S.C. § 227(a)(1).

In the present case, the Court finds that Plaintiff has alleged sufficient facts, taken as true, to state a plausible claim for relief under the TCPA. Plaintiff alleges that T-Mobile called her cellular telephone numerous times "within the last year." (Pl.'s Compl. ¶ 6.) Plaintiff's Complaint also alleges that these telephone calls were made using an ATDS, a prerecorded voice, or both, and identifies the content of the prerecorded message. Further, Plaintiff asserts

5

that she did not give T-Mobile her consent to be contacted in this manner or, in the alternative, that she expressly revoked any such consent on at least one occasion when she followed a prompt to speak with a live representative and requested that T-Mobile cease calling her cellular telephone. Thus, the Court concludes that Plaintiff's Complaint sufficiently alleges that T-Mobile used an ATDS to call Plaintiff on her cellular telephone without her consent. *See Williams v. Bank of Am., Nat'l Ass'n*, No. 4:14-CV-04809-RBH, 2015 WL 3843251, at *3 (D.S.C. June 19, 2015). Notwithstanding this conclusion, the Court will address T-Mobile's various arguments *seriatim*.

T-Mobile first argues that Plaintiff's "failure to plead the specific cellular telephone number allegedly called requires dismissal of the Complaint." (Def.'s Mem. in Supp. Mot. to Dismiss 4.) As support for this argument, T-Mobile seeks to rely on *Strand v. Corinthian Colleges, Inc.*, No. 1:13–CV–1235, 2014 WL 1515494, at *3–4 (W.D. Mich. Apr. 17, 2014), in which the court granted the defendant's Rule 12(b)(6) motion to dismiss because the plaintiff failed to plead the specific telephone number that the defendant allegedly called. While the Fourth Circuit has not squarely addressed the question of whether a plaintiff must provide the specific cellular telephone number that the defendant allegedly called in order to state a plausible TCPA claim, the Court notes that the majority of courts confronted with this question have not required such detailed pleadings. *See, e.g.*, *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1059 (D. Or. 2014) ("*Strand* is contrary to most other district courts . . . that do not require such detail at the pleading stage in order to provide adequate notice to a TCPA defendant." (collecting cases)), *motion to certify appeal denied sub nom. Ott v. Mortg. Inv'rs Corp.*, No. 3:14-CV-00645-ST, 2015 WL 1648702 (D. Or. Apr. 14, 2015). Consistent with other decisions in this District, the Court will not require Plaintiff to plead the specific cellular telephone number

6

that T-Mobile purportedly called in order to state a plausible TCPA claim. *See Isgett v. Northstar Location Servs., LLC*, No. 4:14-CV-4810-RBH, 2015 WL 4072094, at *3 n.4 (D.S.C. July 2, 2015) ("The Court also rejects Defendant's argument that Plaintiff's claims under the TCPA must be dismissed because his complaint did not specify the telephone number that Defendant allegedly called."); *Williams*, 2015 WL 3843251, at *3 ("[O]ther district courts considering the question [of whether a plaintiff must provide her telephone number in her complaint] have consistently rejected the position taken by Defendant and *Strand*." (collecting cases)). Such a requirement is not necessary to provide a defendant with adequate notice of its conduct allegedly in violation of the TCPA, particularly where, as here, the Complaint specifically states the name of the individual T-Mobile was attempting to reach. *See Williams*, 2015 WL 3843251, at *4. Nevertheless, T-Mobile "may obtain information regarding the telephone number it allegedly called through discovery." *Id.*

T-Mobile also insists that Plaintiff's Complaint should be dismissed because it does not identify the dates and times of the telephone calls at issue. As noted above, Plaintiff's Complaint simply asserts that T-Mobile called Plaintiff's cellular telephone "numerous times" "[w]ithin the last year." (Pl.'s Compl. ¶ 6.) Although Plaintiff does not identify the precise date and time that she received each telephone call, her Complaint need not allege the exact dates and times of the calls in order to notify T-Mobile of its purported violations of the TCPA. *Cf. Isgett*, 2015 WL 4072094, at *7 (concluding that "the exact number of calls or the precise time period during which they occurred . . . are not necessary to notify Defendant of its alleged conduct constituting an intrusion upon Plaintiff's privacy"). Much like the precise telephone number at issue, T-Mobile can easily obtain this information during the course of discovery.

7

Further still, T-Mobile contends that Plaintiff's Complaint is deficient because it does not allege "any circumstances that would support the inference that the calls were placed with an ATDS." (Def.'s Mem. in Supp. Mot. to Dismiss 4.) While T-Mobile acknowledges that Plaintiff's Complaint contains "scant factual allegations regarding the use of a prerecorded voice," (*id.* at 4 n.2), T-Mobile insists that simply alleging that it used an ATDS is insufficient and requires dismissal. According to T-Mobile, Plaintiff's Complaint "must contain allegations 'such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used.'" (*Id.* at 5 (quoting *Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013)).) However, the Court finds that by asserting that she received multiple telephone calls containing a specific prerecorded message—that was ostensibly intended for someone other than the actual recipient and followed by a prompt to connect the recipient to a live representative—Plaintiff has alleged sufficient detail in this regard to support her TCPA claim. *See, e.g.*, *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) ("[C]ourts have noted 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and found that courts can rely on details about the call to infer the use of an ATDS." (quoting *Knutson v. Reply!, Inc.*, No. 10CV1267 BEN, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011))). Thus, the Court concludes that Plaintiff has sufficiently alleged that the telephone calls at issue were made using an ATDS. *See Isgett*, 2015 WL 4072094, at *3; *see also Robertson*, 679 F.3d at 287 ("[E]valuating the sufficiency of a complaint is a 'context-specific task that requires the reviewing court to draw' not only 'on its judicial experience,' but also on 'common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

Accordingly, accepting Plaintiff's allegations as true, the Court concludes that the Complaint states facts sufficient to allege a plausible claim for relief under the TCPA. Consequently, the Parties shall have the opportunity to engage in discovery related to, *inter alia*, the issues and objections raised by T-Mobile. *Cf. Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) ("[U]nder this scheme of notice pleading and broad discovery, consideration of a motion to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery."). The Court, therefore, denies T-Mobile's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that T-Mobile's Motion to Dismiss is hereby **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**August 28, 2015**
**Charleston, South Carolina**

9